UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PG&E CORPORATION,<br><br>        Plaintiffs,<br><br>v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, et al.,<br><br>        Defendants. | Case No. 24-cv-07449-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL**<br><br>Re: Dkt. No. 3 |

        Pending before the Court is a motion filed by PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") for leave to appeal three orders of the Bankruptcy Court. *See* Dkt. No. 3-1. The Bankruptcy Court largely denied PG&E's objections to securities claims asserted in the bankruptcy. *See* Dkt. No. 3-1, Exs. A–C. PG&E argues that the Bankruptcy Court erred by (1) failing to apply the heightened pleading standard under the Private Securities Litigation Reform Act ("PSLRA"); and (2) allowing claims regarding a 2018 exchange offering to survive. *See* Dkt. No. 3-1 at 13–20.

        District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court. *See* 28 U.S.C. § 158(a)(1). A non-final bankruptcy court order can be reviewed on appeal only if this Court grants leave. *See* 28 U.S.C. § 158(a)(3); *see also* Fed. R. Bankr. P. 8002, 8004. The Ninth Circuit has held that interlocutory appeals should be allowed "sparingly and only in exceptional circumstances." *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). Leave to appeal an interlocutory order is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate

1  termination of the litigation. *See id.* In deciding whether to grant leave to appeal under

2  § 158(a)(3), courts look to the analogous provisions of 28 U.S.C. § 1292(b) governing review of

3  interlocutory district court orders by the courts of appeal. *In re Belli*, 268 B.R. 851, 858 (B.A.P.

4  9th Cir. 2001); *In re Wilson*, No. BR 13-11374 AJ, 2014 WL 122074, at *1 (N.D. Cal. Jan. 10,

5  2014).

   The Court finds that there is no basis to grant interlocutory review here. Resolving whether the PSLRA's heightened pleading standard should apply to the securities claims in the bankruptcy and whether the 2018 exchange offering claims should survive would not materially advance the litigation, and instead would materially delay it. PG&E posits, for example, that if the Bankruptcy Court had applied the PSLRA pleading standard "it likely would have dismissed several of the pending claims." *See* Dkt. No. 3-1 at 13.[1] But that argument is both hotly contested and inherently speculative. And even accepting PG&E's position, some of the securities claims would still survive. PG&E makes little effort to explain how dismissing just some of the securities claims here would appreciably streamline the litigation. This Court can address any issues about the applicable standard and viability of claims in any eventual appeal of a final judgment. The Court therefore declines to exercise its discretion to hear PG&E's appeal at this time and **DENIES** the motion. Dkt. No. 3-1. The Clerk is directed to the case.

   **IT IS SO ORDERED.**

   Dated:   8/1/2025

   HAYWOOD S. GILLIAM, JR.
   United States District Judge

---

[1] For ease of reference, the Court refers to the PDF pages rather than the document's internal pagination.